# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>JORGE CASTANEDA-PERALTA,<br><br>    Defendant. | CASE NO. 11CR4218WQH<br>CASE NO. 12CV993WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the Motion to vacate, set aside or correct sentence by an inmate in federal custody under 28 U.S.C. § 2255. (ECF No. 23). Defendant moves the court to reduce his sentence on the grounds that 1) his counsel failed to get him a good and reasonable sentence during plea negotiations, and 2) he cannot be housed in a minimum security facility or a Community Correctional Center based upon his deportation status. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached

1  exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
2  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
3  When this standard is satisfied, neither a hearing nor a response from the government is
4  required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." (ECF No. 11 at 9). This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

In this case, the Government recommended an adjusted offense level of 19 and a resulting guideline range of 33-41 months. (ECF No. 16 at 2). At the time of sentencing, the Government recommended a sentence of 33 months. *Id*. The Court imposed a sentence of 33 months. ECF No. at 22. Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that the performance of defense counsel fell below an "objective standard of reasonableness" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Deficient performance is measured by the standard of "reasonably effective assistance." *Id.* Court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ..." *Id.* at 689. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence ..." *Id.* at 690.

Petitioner states:

> I AM requesting this honorable court for seeking a reduction of my sentence for the failure of my counsel during my negotiation of plea [of] guilty. The counsel failed to raise this matter with the US Attorney during my plea negotiation. Also because no help me try to get a good and reasonable sentence. Also my attorney lie to me because ... if sign or accept the fast track I will be discount 6 points of the guideline range but never discount nothing of my points. I believe that my lawyer raised no skill when represent me in court.

(ECF No. 23 at 4).

Defendant in this case received a two-level downward departure for fast track and a sentence at the low end of the guidelines. Petitioner does not identify any failure of counsel during plea negotiations. Petitioner does not identify any grounds upon which defense counsel's performance fell below an objective standard of reasonableness or any grounds upon which a deficient performance prejudiced the defense. The Court concludes that the Petition contains no facts which rise to the level of a colorable claim of ineffective assistance of counsel. It plainly appears from the motion and the record of prior proceedings that the Petitioner is not entitled to relief.

Finally, the Defendant presents no grounds for relief under Section 2255 based upon his deportation status. The Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996). The Court of Appeals for the Ninth Circuit has rejected the assertion that an alien's equal protection rights are violated when he cannot be housed in a minimum security facility or a community correction center based upon his deportation status. *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

IT IS HEREBY ORDERED that the Motion to vacate, set aside or correct sentence by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 23) is denied without prejudice.

DATED: May 3, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge